IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 10-275 |
| v. | ) | |
| | ) | CONSENT DECREE |
| | ) | |
| CUMMINS INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

TABLE OF CONTENTS

I.  JURISDICTION AND VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

II.  APPLICABILITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

III.  DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

IV.  CIVIL PENALTY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

V.  COMPLIANCE REQUIREMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

VI.  REPORTING REQUIREMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

VII.  STIPULATED PENALTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

VIII.  FORCE MAJEURE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

IX.  DISPUTE RESOLUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

X.  INFORMATION COLLECTION AND RETENTION . . . . . . . . . . . . . . . . . . . . . . . -14-

XI.  EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS . . . . . . . . . . . . . . . . . . -16-

XII.  COSTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-

XIII.  NOTICES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-

XIV.  EFFECTIVE DATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -19-

XV.  RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -19-

XVI.  MODIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -19-

XVII.  TERMINATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -19-

XVIII.  PUBLIC PARTICIPATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -20-

XIX.  SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-

XX.  INTEGRATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-

XXI. FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-

XXII.  APPENDICES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -22-

WHEREAS, Plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), has filed a complaint in this action concurrently with this Consent Decree, alleging that Defendant Cummins Inc. ("Cummins"), violated Section 203(a)(1) of the Clean Air Act ("Act"), 42 U.S.C. § 7522(a)(1) .

WHEREAS, the Complaint alleges that Cummins sold, offered for sale, or introduced or delivered for introduction into commerce new motor vehicle engines that did not conform to the design specifications in its applications for certificates of conformity in that they did not include the after treatment device ("catalyst") referenced in the same shipment with the engines.

WHEREAS, Cummins does not admit any liability to the United States arising out of the transactions or occurrences alleged in the Complaint.

WHEREAS, the California Air Resources Board ("CARB") alleges substantially as above with regard to said engines entering commerce in California and is simultaneously settling its claims in an administrative settlement.

WHEREAS, the Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation between the Parties and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section I, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I. JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Sections 203, 204 and 205 of the Act, 42 U.S.C. §§ 7522, 7523, and 7524, and over the Parties.  Venue lies in this District pursuant to Sections 204 and 205 of the Act, 42 U.S.C. §§ 7523 and 7524 because the Administrator has her principal place of business here.  For purposes of this Decree, or any action to enforce this Decree, Cummins consents to the Court's jurisdiction over this Decree and any such action and over Cummins and consents to venue in this judicial district.

2.      For purposes of this Consent Decree only, Cummins agrees that the Complaint states claims upon which relief may be granted pursuant to Section 203(a)(1) of the Act, 42 U.S.C. § 7522(a)(1).

## II. APPLICABILITY

3.      This Consent Decree applies to and is binding upon the United States and upon Cummins, its successors, and assigns, and any other entities or persons otherwise bound by law.  No transfer or change in ownership or corporate or other legal status of Cummins, including but not limited to any transfer of assets or real or personal property, shall relieve the responsibilities of Cummins, its successors or assigns under this Consent Decree.

4.      Cummins shall provide a copy of this Consent Decree to all officers, directors, employees, agents, contractors, or any other entities or persons bound by law whose duties might reasonably include compliance with any provisions of this Consent Decree.

5.      In any action to enforce this Consent Decree, Cummins shall not raise as a defense the failure by any of its officers, directors, employees, agents, contractors, or any other

-2-

entities or persons otherwise bound by law, to take any actions necessary to comply with the provisions of this Consent Decree.

### III. DEFINITIONS

6.    Terms used in this Consent decree that are defined in the Act or in regulations promulgated pursuant to the Act shall have the meanings assigned to them in the Act or such regulations, unless otherwise provided in this Decree.  Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

a.    "Complaint" shall mean the complaint filed by the United States in this action;

b.    "Consent Decree" or "Decree" shall mean this Decree and all appendices attached hereto (listed in Section XXII);

c.    "Day" shall mean a calendar day unless expressly stated to be a business day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day;

d.    "Defendant" and "Cummins" shall mean Cummins Inc. and any joint ventures that participated in or facilitated the sale, offering for sale, introduction, or delivery for introduction into commerce the engines at issue in the Complaint;

e.    "EPA" shall mean the United States Environmental Protection Agency and any of its successor departments or agencies;

f.    "Effective Date" shall have the definition provided in Section XIV.

g.    "Paragraph" shall mean a portion of this  Decree identified by an

arabic numeral;

h.     "Parties" shall mean the United States and Defendant;

i.     "Section" shall mean a portion of this Decree identified by a roman numeral; and

j.     "United States" shall mean the United States of America, acting on behalf of EPA.

## IV. CIVIL PENALTY

7.     Cummins has agreed to pay a total penalty of $2,100,000.00 to the United States and CARB with regard to the conduct at issue in Complaint. Of this total, Cummins shall pay $1,680,000.00 to the United States. Accordingly, within 30 Days after the Effective Date of this Consent Decree, Cummins shall pay the sum of $1,680,000.00 as a civil penalty to the United States. The payment of the remaining $420,000.00 shall be governed by the terms and conditions of the separate settlement agreement with CARB.

8.     Cummins shall pay the civil penalty due by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with written instructions to be provided to Cummins, following lodging of the Consent Decree, by the Financial Litigation Unit of the U.S. Attorney's Office for the District of Columbia, 555 Fourth Street, N.W., Washington, D.C.,(202) 514-7211. Any EFT received at the DOJ lockbox bank after 11:00 a.m. Eastern Time will be credited the next business day. At the time of payment, Cummins shall send a copy of the EFT authorization form and the EFT transaction record, together with a transmittal letter, which shall state that the payment is for the civil penalty owed pursuant to the Consent Decree in United States v. Cummins Inc., and shall reference the civil action number and DOJ case number

90-5-2-1-09351, to the United States in accordance with Section XIII of this Decree (Notices); by email to acctsreceivable.CINWD@epa.gov; and by mail to:

> EPA Cincinnati Finance Office
> 26 Martin Luther King Drive
> Cincinnati, Ohio 45268

9.      Cummins shall not deduct any penalties paid under this Decree pursuant to this Section or Section VII (Stipulated Penalties) in calculating its federal income tax.

## V. COMPLIANCE REQUIREMENTS

10.     Recall of Engines Equipped with Incorrect Catalyst. Cummins shall implement a recall of all known engines equipped with the incorrect catalyst, which are listed on Appendix A. In implementing the recall, Cummins shall offer to replace the incorrect catalyst with the one specified in that engine's application for certificate of conformity or with a catalyst with equal or better emissions reduction performance. EPA acknowledges that Cummins had commenced the required recall for all such engines as of September 1, 2009.

11.     The recall shall continue for two years from the date it was commenced as provided above, during which time Cummins shall continue to make available the correct catalyst and make payment to the person who implements the replacement.

12.     Cummins shall establish and maintain records to enable the United States to monitor the implementation of the recall, including, but not limited to: the quarterly and cumulative number of engines that have had the catalyst replaced and copies of warranty claim reports for the recall. Cummins shall promptly provide these records to EPA upon request.

13.     Recoupment of Excess Emissions.

a.      Within 30 Days of the Effective Date of this Consent Decree,

Cummins shall retire 167.1 tons (151.6 Mg ) of nitrogen oxides ($NO_x$) plus non-methane hydrocarbons (NMHC) and 30.5 tons (27.7 Mg) of particulate matter (PM) (collectively the "credits") in compensation to the United States and California through CARB for the excess pollution generated by the installation of the improper catalysts. Cummins shall permanently retire any credits designated and/or purchased for this purpose and Cummins cannot use such credits for any additional purpose.

        b.     The credits shall come only from one or more of the following sources: (1) Cummins' on-road Averaging, Banking and Trading (AB&T) accounts; (2) Cummins' off-road AB&T accounts; or (3) currently valid stationary source $NO_x$ or PM credits purchased on the open market through a licensed broker.

        c.     Within 60 Days of the Effective Date of this Consent Decree, Cummins shall provide written evidence of its compliance with this Paragraph by sending a Notice in compliance with Section XIII of this Consent Decree (Notices).

        14.     <u>Dismissal of Petition for Review.</u> Within ten Days of the Effective Date of this Decree, Cummins shall execute and provide to the United States for execution and filing a joint request to voluntarily dismiss its currently pending Petition for Review captioned <u>Cummins Inc. v. United States Environmental Protection Agency</u>, Dkt. No. 07-1525 (D.C. Cir. December 19, 2007).

        15.     <u>Shipment of Engines without Catalyst.</u> From the date of lodging of this Consent Decree, Cummins shall not sell, offer for sale, introduce or deliver for introduction into commerce new motor vehicle engines without the catalyst specified in the application for certificate of conformity, except as provided by EPA's delegated assembly regulation, 40 C.F.R.

§ 85.1713 and 40 C.F.R. Part 1068, or any other applicable law or regulation.

## VI.   REPORTING REQUIREMENTS

16.   All reports shall be submitted to the persons designated in Section XIII of this Consent Decree (Notices).

17.   Each report submitted by Cummins under this Section shall be signed by an official of the submitting party and include the following certification:

> I certify under penalty of law that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted. Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete.  I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

This certification requirement does not apply to emergency or similar notifications where compliance would be impractical.

18.   The reporting requirements of this Consent Decree do not relieve Cummins of any reporting obligations required by the Act or implementing regulations, or by any other federal, state, or local law, regulation, permit, or other requirement.

19.   Any information provided pursuant to this Consent Decree may be used by the United States in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

## VII.   STIPULATED PENALTIES

20.   Cummins shall be liable for stipulated penalties to the United States for

violations of this Consent Decree as specified below, unless excused under Section VIII (Force Majeure).

21.     If Cummins fails to pay the civil penalty required to be paid to the United States by the deadline in Paragraph 7, Cummins shall pay both interest at the rate specified in 28 U.S.C. § 1961 and a stipulated penalty of $1000.00 per Day for each Day that the payment is late.

22.     If Cummins fails to retire the required number of credits of $NO_x$ + NMHC or PM by the deadline set forth in Paragraph 13, it shall pay to the United States a stipulated penalty of $500.00 per day for each day the credits are not retired.

23.     If Cummins fails to maintain the recall  for the time period specified in Paragraph 11, it shall pay a stipulated penalty of $500.00 per day for each day the recall is not in effect.

24.     If Cummins fails to execute and provide to the United States the joint request to voluntarily dismiss its Petition for Review by the deadline set forth in Paragraph 14, it shall pay a stipulated penalty of $500.00 per day for each day the Petition has not been executed and provided.

25.     For each shipment of an engine without the catalyst in violation of Paragraph 15, Cummins shall pay a stipulated penalty of $800 per engine.

26.     Stipulated penalties under Paragraphs 21-24 shall begin to accrue on the Day after performance is due or on the Day a violation occurs, whichever is applicable, and shall continue to accrue until performance is satisfactorily completed or until the violation ceases. Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

27.     Cummins shall pay any stipulated penalty within 30 Days of receiving the United States' written demand.

-8-

28.     The United States may in the unreviewable exercise of its discretion,
reduce or waive stipulated penalties otherwise due it under this Consent Decree.

29.     Stipulated penalties shall continue to accrue as provided in Paragraph 26,
during any Dispute Resolution, but need not be paid until the following:

a.     If the dispute is resolved by agreement of the Parties or by a
decision of the United States that is not appealed to the Court, Cummins shall pay accrued
penalties determined to be owing, together with interest, to the United States within 30 Days of
the effective date of the agreement or the receipt of the United States' decision or order.

b.     If the dispute is appealed to the Court and the United States
prevails in whole or in part, Cummins shall pay all accrued penalties determined by the Court to
be owing, together with interest, within 60 Days of receiving the Court's decision or order,
except as provided in subparagraph c, below.

c.     If any Party appeals the District Court's decision, Cummins shall
pay all accrued penalties determined to be owing, together with interest, within 15 Days of
receiving the final appellate court decision.

30.     Cummins shall pay stipulated penalties owing to the United States in the
manner set forth and with the confirmation notices required by Paragraph 8, except that the
transmittal letter shall state that the payment is for stipulated penalties and shall state for which
violation(s) the penalties are being paid.

31.     If Cummins fails to pay stipulated penalties according to the terms of this
Consent Decree, Cummins shall be liable for interest on such penalties, as provided for in
28 U.S.C. § 1961, accruing as of the date payment became due.  Nothing in this Paragraph shall

be construed to limit the United States from seeking any remedy otherwise provided by law for Cummins's failure to pay any stipulated penalties.

32.     Subject to the provisions of Section XI of this Consent Decree (Effect of Settlement/Reservation of Rights), the stipulated penalties provided for in this Consent Decree shall be in addition to any other rights, remedies, or sanctions available to the United States for Cummins' violation of this Consent Decree or applicable law.  Where a violation of this Consent Decree is also a violation of the Clean Air Act, Cummins shall be allowed a credit, for any stipulated penalties paid, against any statutory penalties imposed for such violation.

## VIII. FORCE MAJEURE

33.     "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Cummins, of any entity controlled by Cummins, or of Cummins' contractors, that delays or prevents the performance of any obligation under this Consent Decree despite Cummins' best efforts to fulfill the obligation.  The requirement that Cummins exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure event and best efforts to address the effects of any such event (a) as it is occurring and (b) after it has occurred to prevent or minimize any resulting delay to the greatest extent possible.  "Force Majeure" does not include Cummins' financial inability to perform any obligation under this Consent Decree.

34.     If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a force majeure event, Cummins shall provide a notice within fifteen Days in writing to the United States that includes an explanation and description of the reasons for the delay; the anticipated duration of the delay; all

-10-

actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of

any measures to be taken to prevent or mitigate the delay or the effect of the delay; Cummins'

rationale for attributing such delay to a force majeure event if it intends to assert such a claim;

and a statement as to whether, in the opinion of Cummins, such event may cause or contribute to

an endangerment to public health, welfare or the environment.  Cummins shall include with any

notice all available documentation supporting the claim that the delay was attributable to a force

majeure.  Failure to comply with the above requirements shall preclude Cummins from asserting

any claim of force majeure for that event for the period of time of such failure to comply, and for

any additional delay caused by such failure.  Cummins shall be deemed to know of any

circumstance of which Cummins, any entity controlled by Cummins, or Cummins' contractors

knew or should have known.

      35.    If the United States agrees that the delay or anticipated delay is attributable

to a force majeure event, the time for performance of the obligations under this Consent Decree

that are affected by the force majeure event will be extended by the United States for such time

as is necessary to complete those obligations.  An extension of the time for performance of the

obligations affected by the force majeure event shall not, of itself, extend the time for

performance of any other obligation.  The United States will notify Cummins in writing of the

length of the extension, if any, for performance of the obligations affected by the force majeure

event.

      36.    If the United States does not agree that the delay or anticipated delay has

been or will be caused by a force majeure event, the United States will notify Cummins in

writing of its decision.

37.     If Cummins elects to invoke the dispute resolution procedures set forth in Section IX (Dispute Resolution) with regard to a force majeure, it shall do so no later than 15 Days after receipt of the United States' notice.  In any such proceeding, Cummins shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that Cummins complied with the requirements of Paragraphs 33 and 34, above.  If Cummins carries this burden, the delay at issue shall be deemed not to be a violation by Cummins of the affected obligation of this Consent Decree identified to the United States and the Court.

## IX.  DISPUTE RESOLUTION

38.     Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree. Cummins' failure to seek resolution of a dispute under this Section shall preclude Cummins from raising any such issue as a defense to an action by the United States to enforce any obligation of Cummins arising under this Decree.

39.     Informal Dispute Resolution.  Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations.  The dispute shall be considered to have arisen when Cummins sends the United States a written Notice of Dispute. Such Notice of Dispute shall state clearly the matter in dispute.  The period of informal negotia-tions shall not exceed 20 Days from the date the dispute arises, unless that period is modified by

written agreement.  If the Parties cannot resolve a dispute by informal negotiations, then the

position advanced by the United States shall be considered binding unless, within 10 Days after

the conclusion of the informal negotiation period, Cummins invokes formal dispute resolution

procedures as set forth below.

40.     Formal Dispute Resolution.  Cummins shall invoke formal dispute resolu-

tion procedures, within the time period provided in the preceding Paragraph, by serving on the

United States a written Statement of Position regarding the matter in dispute.  The Statement of

Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting

Cummins' position and any supporting documentation relied upon by Cummins.

41.     The United States shall serve its Statement of Position within 30 Days of

receipt of Cummins' Statement of Position.  The United States' Statement of Position shall

include, but need not be limited to, any factual data, analysis, or opinion supporting that position

and any supporting documentation relied upon by the United States.  The United States'

Statement of Position shall be binding on Cummins, unless Cummins files a motion for judicial

review of the dispute in accordance with the following Paragraph.

42.     Cummins may seek judicial review of the dispute by filing with the Court

and serving on the United States, in accordance with Section XIII of this Consent Decree

(Notices), a motion requesting judicial resolution of the dispute.  The motion must be filed within

30 Days of receipt of the United States' Statement of Position pursuant to the preceding

Paragraph.  The motion shall contain a written statement of Cummins' position on the matter in

dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set

forth the relief requested and any schedule within which the dispute must be resolved for orderly

-13-

implementation of the Consent Decree.  The motion may not raise any argument or matter not addressed by Cummins in its Statement of Position under Paragraph 40.

43.    The United States shall respond to Cummins's motion within the time period allowed by the Local Rules of this Court.  Cummins may file a reply memorandum, to the extent permitted by the Local Rules.

44.    <u>Standard of Review</u>.   Cummins shall bear the burden of demonstrating that its position complies with this Consent Decree and better furthers the objectives of the Consent Decree.

45.    The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Cummins under this Consent Decree, unless and until final resolution of the dispute so provides.  Stipulated penalties with respect to the disputed matter shall continue to accrue from the first Day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 29.  If Cummins does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section VII (Stipulated Penalties).

## X. INFORMATION COLLECTION AND RETENTION

46.    Until three years after the termination of this Consent Decree, Cummins shall retain, and shall instruct its contractors and agents to preserve, all non-identical copies of all documents, records, or other information (including documents, records, or other information in electronic form) in its or its contractors' or agents' possession or control, or that come into its or its contractors' or agents' possession or control, and that relate in any manner to Cummins' performance of its obligations under this Consent Decree.  This information-retention

requirement shall apply regardless of any contrary corporate or institutional policies or procedures. At any time during this information-retention period, upon request by the United States, Cummins shall provide copies of any documents, records, or other information required to be maintained under this Paragraph.

47.    At the conclusion of the information-retention period provided in the preceding Paragraph, Cummins shall notify the United States at least 90 Days prior to the destruction of any documents, records, or other information subject to the requirements of the preceding Paragraph and, upon request by the United States, Cummins shall deliver any such documents, records, or other information to EPA. Cummins may assert that certain documents, records, or other information is privileged under the attorney-client privilege or any other privilege recognized by federal law. If Cummins asserts such a privilege, it shall provide the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of each author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Cummins. However, no documents, records, or other information created or generated pursuant to the requirements of this Consent Decree shall be withheld on grounds of privilege.

48.    Cummins may also assert that information required to be provided under this Section is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2. As to any information that Cummins seeks to protect as CBI, Cummins shall follow the procedures set forth in 40 C.F.R. Part 2.

49.    This Consent Decree in no way limits or affects any right of entry and

-15-

inspection, or any right to obtain information, held by the United States pursuant to applicable federal laws, regulations, or permits, nor does it limit or affect any duty or obligation of Cummins to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

## XI.  EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

50.     This Consent Decree fully resolves the civil claims of the United States against Cummins for the violations alleged in the Complaint filed in this action.

51.     The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree, except as expressly stated in Paragraph 50.  This Consent Decree shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the Act or implementing regulations, or under other federal laws, regulations, or permit conditions, except as expressly specified in Paragraph 50.

52.     This Consent Decree is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations.  Cummins is responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and Cummins' compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does  not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Cummins' compliance with any aspect of this Consent Decree will result in compliance with provisions of the Act or with any other provisions of federal, State, or local laws, regulations, or permits.

53.     This Consent Decree does not limit or affect the rights of Cummins or of

the United States against any third parties, not party to this Consent Decree, nor does it limit the

rights of third parties, not party to this Consent Decree, against Cummins, except as otherwise

provided by law.

54.   This Consent Decree shall not be construed to create rights in, or grant any

cause of action to, any third party not party to this Consent Decree.

## XII.  COSTS

55.   The Parties shall bear their own costs of this action, including attorneys'

fees, except that should this Court subsequently determine that Cummins violated the terms or

conditions of this Consent Decree, then Cummins shall be liable to the United States for any

costs and attorneys' fees that the United States incurs in any action or proceeding to enforce this

Consent Decree, including, but not limited to, a proceeding to collect any unpaid balance of the

civil penalty specified in Section IV or any unpaid balance of a stipulated penalty or interest to be

paid in accordance with Section VII.

## XIII.  NOTICES

56.   Unless otherwise specified herein, whenever notifications, submissions, or

communications are required by this Consent Decree, they shall be made in writing and

addressed as follows:

To the United States:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Box 7611 Ben Franklin Station
Washington, D.C.  20044-7611
Re: DOJ No. 90-5-1-09351

-17-

and

Christopher A. Thompson
U.S. Environmental Protection Agency
Air Enforcement Division
Office of Civil Enforcement
Office of Enforcement and
 Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

To EPA:

Christopher A. Thompson
U.S. Environmental Protection Agency
Air Enforcement Division
Office of Civil Enforcement
Office of Enforcement and
 Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

To Cummins:

Marya M. Rose
Vice President - General Counsel and Corporate Secretary
Cummins Inc.
500 Jackson Street  MC 60901
Columbus, IN 47202

and

Robert A. Jorgensen
Executive Director - Product Environmental Management
Cummins Inc.
500 Jackson Street  MC 60702
Columbus, IN 47202

57.    Any Party may, by written notice to the other Parties, change its designated

notice recipient or notice address provided above.

-18-

58.    Notices submitted pursuant to this Section shall be deemed submitted upon mailing (if sent by overnight express) or faxing unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

## XIV.  EFFECTIVE DATE

59.    The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court as recorded on the Court's docket.

## XV.  RETENTION OF JURISDICTION

60.    The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Decree or entering orders modifying this Decree, pursuant to Sections IX and XVI, or effectuating or enforcing compliance with the terms of this Decree.

## XVI.  MODIFICATION

61.    The terms of this Consent Decree may be modified only by a subsequent written agreement signed by all the Parties.  Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court.

62.    Any disputes concerning modification of this Decree shall be resolved pursuant to Section IX of this Decree (Dispute Resolution), provided, however, that, instead of the burden of proof provided by Paragraph 44, the Party seeking the modification bears the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

## XVII.  TERMINATION

63.    a.    After Cummins has completed the requirements of Section V

-19-

(Compliance Requirements) of this Decree, has complied with all other requirements of this Consent Decree, and has paid the civil penalty and any accrued stipulated penalties as required by this Consent Decree, Cummins may serve upon the United States a Request for Termination, stating that it has satisfied those requirements, together with all necessary supporting documentation.

    b.  Following receipt by the United States of Cummins' Request for Termination, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether Cummins has satisfactorily complied with the requirements for termination of this Consent Decree.  If the United States agrees that the Decree may be terminated, the Parties shall submit, for the Court's approval, a joint motion terminating the Decree.

    c.  If the United States does not agree that the Decree may be terminated, Cummins may invoke Dispute Resolution under Section IX of this Decree. However, Cummins shall not seek Dispute Resolution of any dispute regarding termination, under Paragraph 40 of Section IX, until 45 Days after service of its Request for Termination.

XVIII.  <u>PUBLIC PARTICIPATION</u>

    64.  This Consent Decree shall be lodged with the Court for a period of not less than 30 Days for public notice and comment in accordance with 28 C.F.R. § 50.7.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate.  Cummins consents to entry of this Consent Decree without further notice and  agrees not to withdraw from or oppose entry of this Consent Decree by the

-20-

Court or to challenge any provision of the Decree, unless the United States has notified Cummins in writing that it no longer supports entry of the Decree.

## XIX.  SIGNATORIES/SERVICE

65.     The undersigned representative of Cummins and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

66.     This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.  Cummins agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XX.  INTEGRATION

67.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supercedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.  No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.

## XXI.  FINAL JUDGMENT

68.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States and Cummins.

## XXII.  APPENDICES

69.     The following appendices are attached to and part of this Consent Decree:

"Appendix A" is the list of engine serial numbers of engines subject to recall;

"Appendix B" is the form of joint request for voluntary dismissal.

Dated and entered this __ day of __April__, ~~2009~~ 2010
                            15th

UNITED STATES DISTRICT JUDGE
District of Columbia

-22-

FOR PLAINTIFF UNITED STATES OF AMERICA:

Dated: _*12/28/09*_

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
10th & Pennsylvania Avenue, N.W.
Washington, D.C. 20530

LORI JONAS (Bar No. 436916)
Senior Attorney, Environmental Enforcement
Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044

FOR PLAINTIFF UNITED STATES OF AMERICA:

Dated: 2/2/10

CYNTHIA GILES
Assistant Administrator
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, DC  20460

CHRISTOPHER A. THOMPSON
Attorney-Adviser
Air Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, DC  20460

FOR DEFENDANT CUMMINS INC.:

Dated: _November 11, 2009_                    _Mary M. Rose_

                                             MARYA M. ROSE
                                             Vice President - General Counsel and
                                             Corporate Secretary
                                             Cummins Inc.
                                             500 Jackson Street  MC 60901
                                             Columbus, IN 47202

**APPENDIX A**

**Appendix A**

**Engine Serial Numbers of Engines Subject to Recall**

| | | | | | | |
|---|---|---|---|---|---|---|
| 35180015 | 46412057 | 46460197 | 46465516 | 46532624 | 46576982 | 46606256 |
| 456995070 | 46412081 | 46460232 | 46467867 | 46533364 | 46576988 | 46606382 |
| 46002870 | 46412106 | 46460240 | 46467992 | 46533578 | 46576994 | 46606915 |
| 46003847 | 46412136 | 46467992 | 46473056 | 46533618 | 46576997 | 46607165 |
| 46323530 | 46412167 | 46468000 | 46473157 | 46534152 | 46577006 | 46611562 |
| 46338325 | 46412196 | 46468011 | 46473196 | 46534924 | 46577006 | 46617512 |
| 46340083 | 46412269 | 46468027 | 46473217 | 46543217 | 46578066 | 46632470 |
| 46340984 | 46412888 | 46468076 | 46473230 | 46545200 | 46584065 | 46638006 |
| 46343599 | 46425998 | 46468138 | 46473259 | 46546216 | 46567799 | 46639636 |
| 46345999 | 46426101 | 46468247 | 46473263 | 46546239 | 46585882 | 46639729 |
| 46346101 | 46426115 | 46468259 | 46473329 | 46546258 | 46590028 | 46644338 |
| 46346623 | 46426156 | 46468269 | 46473372 | 46560922 | 46590037 | 46644656 |
| 46346638 | 46426175 | 46468382 | 46473391 | 46560746 | 46591355 | 46644572 |
| 46346728 | 46426187 | 46468397 | 46473454 | 46567098 | 46592166 | 46642715 |
| 46348743 | 46428176 | 46468406 | 46473572 | 46567092 | 46595980 | 46642738 |
| 46367916 | 46428179 | 46468414 | 46475215 | 46562504 | 46591431 | 46645893 |
| 46372092 | 46430487 | 46468418 | 46475229 | 46562506 | 46591435 | 46648228 |
| 46372479 | 46430533 | 46468458 | 46475350 | 46567082 | 46594260 | 46643374 |
| 46375229 | 46436753 | 46468464 | 46475425 | 46567634 | 46597967 | 46678149 |
| 46379750 | 46436999 | 46468470 | 46475429 | 46567111 | 46597999 | 46676170 |
| 46379784 | 46437002 | 46468472 | 46475586 | 46599173 | 46598105 | 46678175 |
| 46379798 | 46437017 | 46468475 | 46476584 | 46599567 | 46598118 | 46678202 |
| 46381305 | 46437027 | 46468482 | 46476586 | 46570081 | 46598117 | 46680747 |
| 46381314 | 46443393 | 46468488 | 46476588 | 46570091 | 46598136 | 46682850 |
| 46381323 | 46443410 | 46468491 | 46475690 | 46570139 | 46599000 | 46682882 |
| 46381333 | 46443426 | 46468517 | 46476581 | 46571262 | 46599045 | 46688217 |
| 46381361 | 46443474 | 46468521 | 46477045 | 46571620 | 46599044 | 46689183 |
| 46381371 | 46457439 | 46468523 | 46477589 | 46571888 | 46599061 | 46689217 |
| 46381776 | 46459132 | 46468533 | 46477607 | 46571889 | 46599073 | 46692646 |
| 46381786 | 46459139 | 46475793 | 46477632 | 46571891 | 46602807 | 46695976 |
| 46381797 | 46459172 | 46475350 | 46477891 | 46571892 | 46602807 | 46697848 |
| 46381804 | 46459175 | 46484870 | 46478033 | 46571893 | 46602952 | 46697993 |
| 46386805 | 46459184 | 46485119 | 46478040 | 46571894 | 46603006 | 46698000 |
| 46386877 | 46459187 | 46485152 | 46478066 | 46571895 | 46603161 | 46698330 |
| 46394642 | 46459190 | 46485163 | 46478118 | 46574945 | 46603006 | 46698344 |
| 46394673 | 46459273 | 46485167 | 46478144 | 46574971 | 46603086 | 46698373 |
| 46394944 | 46459304 | 46491225 | 46478161 | 46574981 | 46604129 | 46698641 |
| 46394983 | 46459323 | 46491668 | 46481173 | 46575010 | 46605041 | 46698690 |
| 46395061 | 46459356 | 46465203 | 46511332 | 46575040 | 46605056 | 46698699 |
| 46395346 | 46459402 | 46465212 | 46511334 | 46575055 | 46605020 | 46698753 |
| 46395586 | 46459431 | 46465404 | 46511495 | 46575056 | 46605703 | 46698766 |
| 46401609 | 46459436 | 46465416 | 46523160 | 46575071 | 46605703 | 46699005 |
| 46412037 | 46460193 | 46465510 | 46671858 | 46575104 | 46605714 | 46699099 |
| | | 46465504 | 46671842 | 46526333 | 46576967 | 46744444 |
| | | | 46671855 | 46530590 | 46576976 | 46671244444 |
| | | | 46526602 | | 46606248 | |

**APPENDIX B**

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CUMMINS INC.,                ) | |
|                    ) | |
|      Petitioner,       ) | |
|                    ) | |
|        v.           ) | Docket No. 07-1525 |
|                    ) | |
| UNITED STATES        ) | |
| ENVIRONMENTAL       ) | |
| PROTECTION AGENCY,    ) | |
|                    ) | |
|      Respondent.     ) | |

JOINT STIPULATION OF DISMISSAL

Whereas Cummins Inc. ("Petitioner") has entered into a Consent Decree

with the United States, in the United States District Court for the District of

Columbia (No. _____), to resolve Petitioner's alleged violations of Section 203(a)

of the Clean Air Act, 42 U.S.C. § 7522(a)(1), and whereas the entry of the Consent

Decree resolves the legal dispute between Petitioner and the United States

Environmental Protection Agency (collectively "the Parties") at issue in this

Petition for Review, the Parties hereby stipulate to the dismissal of the Petition for

Review in No. 07-1525, each side to bear its own costs.

Respectfully submitted,

FOR PETITIONER:

Dated: _____

_____
Samuel I. Gutter
Timothy K. Webster
Sidley Austin LLP
1501 K Street, NW
Washington, DC 20005
(202) 736-8138
(202) 736-8711 (Fax)

FOR RESPONDENT:

JOHN C. CRUDEN
Acting Assistant Attorney General
Environment and Natural Resources
    Division

Dated: _____

_____
Monica Derbes Gibson
Environmental Defense Section
Environment and Natural Resources
    Division
United States Department of Justice
P.O. Box 23986
Washington, D.C.  20026-3986
Telephone:  (202) 514-0135
Facsimile:  (202) 514-8865
E-mail:  monica.gibson@usdoj.gov